**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DIANA BRADLEY, et al.,

    Plaintiffs,

v.

KEVIN MILLER, et al.,

    Defendants.

Case No. 1:10-cv-760

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On October 29, 2010, three individual Plaintiffs, through counsel, initiated suit against three individual and three corporate Defendants, alleging that Plaintiffs had been victims of a "real estate securities Ponzi scheme" in violation of both state and federal law. (Doc. 1). In a Memorandum Order dated September 28, 2011, Plaintiffs were required to "show cause" whether they intended to continue prosecution of their claims, and/or whether certain Defendants should be dismissed.

Plaintiffs filed a response to the Court's "show cause" order on October 11, 2011, acknowledging that both the individual Defendant, David Colwell (deceased),[1] and Midwest Marketing Alliance should be dismissed, because Plaintiffs do not intend to prosecute any claims against those Defendants. The referenced Defendants have not yet filed an answer or appeared in this case.

Accordingly, **IT IS RECOMMENDED THAT** all claims against Defendants David

---

[1] Plaintiffs' response further states that the Estate of David Colwell should be dismissed, but neither the Estate nor any representative has ever been named as a Defendant.

Colwell and Defendant Midwest Marketing Alliance be **dismissed without prejudice**.

    */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIANA BRADLEY, et al.,

    Plaintiffs,

v.

KEVIN MILLER, et al.,

    Defendants.

Case No. 1:10-cv-760

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).