UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| DIANA BRADLEY<br>Et Al.<br><br>**Plaintiffs**<br><br>-vs-<br><br>KEVIN MILLER<br>Et Al.<br><br>**Defendants.** | Case No. 1:10-CV-760<br><br>DLOTT, Judge<br><br>BOWMAN, Magistrate Judge |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rules 26 and 29 of the federal Rules of Civil Procedure, that:

(1) (a) This stipulation and order shall govern confidential or privileged information. This stipulation and order shall control the disclosure, handling and use of all such confidential or privileged documents, testimony, and other information, including all copies, excerpts and summaries therefore produced, given, or filed by the parties during discovery and summary judgment proceedings in this action.

(b) The provisions of this stipulation and order shall apply to any party in this case who desires to review the material and any other person producing or disclosing material in this action who agrees to be bound by the terms of this stipulation and order. However, nothing herein shall be construed to modify the restrictions set out below in Section 3 regarding access to Confidential Material.

(c) As used herein, "person" includes the named parties and those defined in 3(b) herein

who have agreed to be bound by this stipulation and order.

2. Any person may designate as "Confidential" any material produced in the course of discovery and summary judgment proceedings herein only when such designating person in good faith believes that such material contains material that is privileged or confidential under the laws of Ohio or the United States and such confidence or privilege has not been waived by disclosure to the public. Any party who believes material should be considered "Confidential" although it does not fall strictly within those guidelines may make application to the Court that the material be so considered.

3. Confidential material shall be subject to the following restrictions:

(a) Confidential material shall be used only for the purposes of this litigation (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available, or communicated in any way to anyone except those to whom it is necessary that such material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

(b) Confidential material shall be disclosed, for the purposes set forth above, only to:

(i) counsel of record for the parties and employees of counsel and experts retained by counsel;

(ii) insurers of the parties;

(iii) the Court (including court reporters, stenographic reporters, and court personnel);

(iv) any person as further ordered by the Court;

(v) the parties; and

(vi) deponents, potential witnesses, and experts, if the confidential material is

relevant.

4. Any person to whom Confidential material is disclosed shall first be advised by the person making the disclosure that, pursuant to this Protective Order, such person shall not divulge such material to any other person other than in accordance with this Protective Order. For "parties' as designated in paragraph (3) and "deponents and potential witnesses" as designated in paragraph 3(b)(vi), the attorney making the disclosure shall secure from each person a declaration in the form attached as Exhibit A stating that such person has read the Protective Order and agrees to be bound by it.

Further, each person to whom Confidential material is disclosed must be advised that a violation of this Order may constitute contempt of a court order. Such declaration shall be maintained in the possession of the attorneys securing the declaration until further order of the Court except that, upon request of opposing counsel, the counsel securing the declaration shall provide a copy of the designation to opposing counsel. However, absent an order from the court, counsel shall only be required to provide to opposing counsel copies of declarations secured from individuals who have been identified as witnesses for trial by counsel who obtained the declarations. After the trial and any appeals have concluded, all declarations will be turned over to the opposing counsel.

(a) All pleadings or other court filings which incorporate or disclose confidential material shall be filed with or received by the Court in a sealed envelope or other container marked on the outside with the title of the action, and identification of each item therein and a statement as follows:

CONFIDENTIAL INFORMATION<br>SUBJECT TO COURT PROTECTIVE ORDER

(b) Any disclosure of confidential material in this action shall be made only to the Court

(including court reporters, stenographic reporters, and court personnel), the parties, witnesses, and deponents, expert witnesses as provided in 3(b)(i)-(v), unless the Court orders otherwise.

(c) Notwithstanding any of the foregoing provisions, this stipulation and protective order has no effect upon, and its scope shall not extend to, any person's use of its own confidential material.

5. Each person given access to confidential material pursuant to the terms hereof shall be advised that the confidential material is being disclosed pursuant to and subject to the terms hereof. Before any person is given access to confidential material, he or she must also execute that annexed certificate. The signature on this stipulation and order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all attorneys, experts retained by attorneys in this action and employees of that firm to so be bound.

6 The failure of any party, attorney, or other person subject to this stipulation and protective order to abide by the terms and conditions hereof shall be referred to this Court for appropriate action.

7. Confidential material shall be designated a follows:

(a) In the case of documents, designation shall be made by placing the legend "Confidential" on the document. If there are a series of documents, some of which contain confidential material, any such document or section thereof that contains Confidential material shall be so marked.

(b) In the case of interrogatory answers, designation shall be made by placing the legend "Confidential" on each page of any answer that contains confidential material.

(c) In the case of deposition testimony, counsel for the testifying person may designate

on the record at any time of the deposition those portions of testimony to be treated as "Confidential." Those designated portions, if transcribed, shall be prepared in a separate transcript marked as "Confidential" and, if filed with the Court, shall be filed under seal pursuant to paragraph (c) above. Additionally, within thirty days after receipt of the deposition transcript, a party may designate in writing, served upon all counsel, that specific portions of the transcript be "Confidential." All transcripts shall be treated as "Confidential" for this thirty-day period, as will any portions of the transcript designated "Confidential' thereafter. During the deposition, no objection shall be interposed that an answer would elicit confidential information.

(d) All briefs, pleadings, or other filings with the Court that incorporate or disclose confidential materials shall be appropriately labeled on the cover page and filed under seal.

(e) The confidential material will be kept in the custody and care of the persons authorized to receive such confidential material under the provisions of Section 3 of this Order.

8. (a) Any party may at any time, on reasonable notice, seek (i) modification of this stipulation and order or (ii) relief from the provisions of this stipulation and order with respect to specific material.

(b) A party shall not be obligated to challenge the propriety of the designation of material as confidential material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith and on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on reasonable notice, apply for appropriate rulings from the Court. The designating party shall always have the burden of establishing the confidential

nature of any material under the laws of Ohio or the United States.

    (c)    This agreement shall have no effect on the use of designated material at trial. If the designating party seeks to assert confidentiality or privilege as to any material at trial, that party shall have the burden of proving confidence or privilege at that time. The material in issue shall continue to be treated as designated confidential until the Court makes a determination regarding confidence or privilege.

9. This stipulation and order, insofar as it restricts the communication and use of confidential material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals.

10. Any material which was possessed by a receiving party prior to its disclosure by the producing party or comes within the possession of such other party through means not constituting breach of this stipulation and order need not be treated as confidential material under the terms of this stipulation and order.

11. The parties do not waive any rights they may otherwise have by execution of this stipulation and protective order. Nothing in this Order shall prevent any party from seeking modification of this order, or from objecting to discovery that it believes to be improper. The Court may enter such other or further orders that it deems appropriate and this stipulation and protective order is without prejudice of the right to any party to apply for further orders including, but not limited to, a protective order providing greater protection for certain documents or categories of documents and without prejudice to the parties agreeing to a modification thereof.

12. After the termination of this action, including the final disposition of any appeal, the producing party may request that the receiving party return "Confidential" discovery materials and

all copies, included but not limited to any notes, abstracts, summaries, or other materials relating to referring to such "Confidential" discovery material. Should counsel choose to provide an affidavit evidencing the destruction of these documents, that affidavit will be accepted in lieu of the return of these documents. Counsel of record may retain pleadings, documents filed with the Court, and any work product and copies thereof, all of which shall remain subject to this Order.

13.    This stipulation and order shall be submitted to the Court, with request that it be executed and filed by the Court, immediately upon execution by the parties. Prior to approval by the Court, this stipulation and protective order shall be effective as if approved.

IT IS SO ORDERED

*Stephanie K Bowman*

SUSAN DLOTT, United States District Court
STEPHANIE BOWMAN, United States Magistrate Judge

 s/Ted L. Wills
TED L. WILLS (Ohio Bar No. 0059473)
414 Walnut Street, Suite 707
Cincinnati, Ohio 45202-3913
Telephone (513) 721-5707
Telecopier (513) 621-8430
E-mail: TedLWills@aol.com
Attorney for Plaintiff

 s/Edward P. Akin, E-mail authorization
EDWARD P. AKIN (0074357)
Aronoff, Rosen & Hunt
2200 U.S. Bank Tower
425 Walnut Street
Cincinnati, Ohio 45202
Telephone: 513/241-0400
Facsimile: 241-2877
epakin@arh-law.com
Attorney for Defendant, James W. Powell

 s/Edward J. McTigue, E-mail authorization
EDWARD J. MCTIGUE (002077)
810 Sycamore Street, 6th Floor
Cincinnati, Ohio 45202
Telephone: 513/621-8700
Facsimile: 513/241-1572
ejmctigue@cincilaw.net
Attorney for Defendant, Deanna Powell

 s/Lisa M. Bitter, E-mail authorization
LISA M. BITTER (0052102
Benjamin, Yocum & Heather, LLC
300 Pike Street, Suite 500
Cincinnati, Ohio 45202
Telephone: 513/721-5672
Facsimile: 513/562-4388
LMBitter@byhlaw.com
Attorney for Defendant, Curtis Powell

 s/Geoffrey P. Damon, E-mail authorization
GEOFFREY P. DAMON (0029397)
214 East Ninth Street, Fifth Floor
Cincinnati, Ohio 45202-1203
Telephone: 513/721-5555
Facsimile: 513/721-5557
gpdamon@fuse.net
Attorney for Defendant, Hubert Rials

## EXHIBIT A

## CERTIFICATE

I certify my understanding that confidential material is being disclosed to me pursuant to the terms and restriction of the stipulation and protective order filed on _____, 2012, before the United States District Court, 1:10-CV-760, and that I have been given a copy of and have read that order and have agreed to be bound by it. I understand that all confidential material and copies including, but not limited to, any notes or other transcriptions made from such protected documents, shall be returned to counsel for the party providing them no later than thirty days after the termination of this proceeding or shall be destroyed. I understand that a violation of the stipulation and protective order by me or anyone acting under my direction may be treated a contempt of court.

_____
Date

_____
Name (printed or typed)

_____
Signature

_____
Date

c:\tlw\misc\forms\protective.order