UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIANA BRADLEY, et al.,

    Plaintiffs,

v.

KEVIN MILLER, et al.,

    Defendants.

Case No. 1:10-cv-760

Dlott, J.
Bowman, M.J.

## ORDER

On October 29, 2010, three individual Plaintiffs, through counsel, initiated suit against three individual and three corporate Defendants, alleging that Plaintiffs had been victims of a "real estate securities Ponzi scheme" in violation of both state and federal law. (Doc. 1).  With the permission of this Court, Plaintiffs filed an amended complaint on May 17, 2012, presenting new claims and adding new defendants.  (Doc. 46).

No answer or other response has ever been filed by the three originally identified entity defendants, or by Defendant James Powell, all of whom filed notices in April 2012, reflecting a change of address to a federal prison in Lisbon, Ohio.  Plaintiffs have never sought the entry of default or default judgment against any of the non-appearing Defendants.

The record reflects that James Wilburn Powell and Curtis Powell filed answers to the amended complaint (Docs. 64, 69). Like the entity defendants and James Powell, Defendant Chatsworth Jacobs has yet to answer the amended complaint.

Newly identified Defendant Deanna Powell responded to the amended complaint

with a motion for a more definite statement, to which Plaintiffs filed a response.  (Docs. 72, 74).  Plaintiffs' response clarified which claims were alleged against Defendant Powell. Following Plaintiffs' response, Defendant Powell filed her answer to the amended complaint, and both parties have filed a stipulation that clarifies the claims alleged against her.  (Docs. 75, 76).

Defendant Hubert Rials responded to the amended complaint with a motion to dismiss all claims against him.[1]  (Doc. 61).  In response to the motion, Plaintiffs concede that most of the claims set forth in the amended complaint - which generically refer to "Defendants" as a single, undivided and collective group- do not actually refer to Defendant Rials.  Plaintiffs' responses to both Rials' motion to dismiss and to Defendant Powell's motion for a more definite statement make clear that the amended complaint is, at least arguably, impermissibly vague.  Whether the Report and Recommendation filed this day, dismissing certain claims against Rials, together with the stipulation recently filed by Defendant Powell (Doc. 76), will prove sufficient to cure the defects in the complaint remains to be seen.

Accordingly, **IT IS ORDERED:**

1. Defendant Powell's motion for a more definite statement (Doc. 72) is **DENIED** as moot in light of the recent stipulation filed by Defendant Powell and Plaintiffs;

2. In light of the pace of this litigation to date and the recent addition of new defendants, the parties shall file joint or separate status reports within fourteen (14) days indicating whether they anticipate any modification to the scheduling order filed on January

---

[1] Defendant Rials' motion is addressed by separate Report and Recommendation filed this same day.

5, 2012 (Doc. 35).  That order requires all discovery to be completed on or before December 14, 2012, and dispositive motions to be filed by January 28, 2013, with final pretrial and trial dates to be set by Chief Judge Dlott.

                                        */s Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge