UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIANA BRADLEY, et al.,

    Plaintiffs,

v.

KEVIN MILLER, et al.,

    Defendants.

Case No. 1:10-cv-760

Dlott, J.
Bowman, M.J.

**AMENDED MEMORANDUM ORDER**

The following order is the same order previously filed on May 8, 2013, with the sole amendment being the correction of the typographical error contained in footnote 2.

**I. Background**

At the request of counsel, the undersigned convened a telephonic conference in order to discuss several discovery disputes. Ted Wills participated on behalf of Plaintiffs. Edward McTigue participated on behalf of Defendant Deanna Powell; Kevin Swick participated on behalf of Defendant J. Wilburn Powell, and Patrick O'Neill participated on behalf of Defendant Curtis Powell. Counsel for Hubert Rials did not participate, nor did pro se Defendant Kevin Miller.[1]

The background of this litigation is set forth in some detail in the Report and

---

[1] Mr. Miller was named in the original complaint, and initially was the only individual to file an answer, on December 29, 2010. Based upon a statement made during the telephone conference by Plaintiffs' counsel that he had emailed everyone "except Mr. Miller" concerning a minor procedural issue, the Court reminds all counsel that a pro se Defendant is entitled to the same notice and service of documents as received by any other represented party. The sole difference is that a pro se litigant typically cannot participate in the Court's cm/ecf system, and therefore must be served by the United

Recommendation filed on March 28, 2013 (Doc. 103), and is not repeated here except as necessary for disposition of the pending matters.  Briefly, however, Plaintiffs allege that multiple Defendants engaged in a "Ponzi scheme," in which Plaintiffs invested and lost significant sums of money.  Plaintiffs filed an amended complaint in May of 2012, adding new claims and defendants.[2]  Discovery is presently scheduled to be completed by June 14, 2013.  (Doc. 94).

## II. Analysis of Pending Matters

The parties presented three informal discovery disputes to the Court, as well as one discovery-related motion filed of record.  (See Doc. 119).

### A. Cora May Pyles

Plaintiffs' counsel stated on the record that one of his clients, Cora May Pyles, has become mentally incompetent over time.  An issue was presented concerning testimony by Mrs. Pyles, and was resolved by stipulation of all counsel participating of record, as indicated below.

### B. J. Wilburn Powell

Defendant J. Wilburn Powell (hereinafter "J. Wilburn") is the father of Defendant James D. Powell (hereinafter "James").  Plaintiffs' amended complaint colorfully describes J. Wilburn as the "Financier of Fraud."  After the filing of Plaintiffs' amended complaint, the parties entered into a Stipulation (Doc. 76) whereby Plaintiffs agreed that

---

States Postal Service.

[2] Although this Court previously assumed that Plaintiffs served all original Defendants with a copy of the Amended Complaint, closer inspection of the record suggests that Plaintiffs failed to serve Defendant James D. Powell with the Amended Complaint.  That presumed failure of service merely adds to the prior Recommendation of the undersigned that James D. Powell be dismissed from this litigation based upon Plaintiffs' failure to prosecute.  (Doc. 103).

2

the only claims that apply to J. Wilburn are Counts 6, 7, 11, and 12. J. Wilburn subsequently moved to dismiss all counts against him. The undersigned has recommended that the motion to dismiss be granted as to Counts 11 and 12, but denied as to Counts 6 and 7. (Doc. 103). Plaintiffs have filed objections to that Report and Recommendation (R&R), which R&R remains pending before the presiding district judge.

The discovery issue presented during the telephonic conference concerns Plaintiffs' request to depose the senior J. Wilburn Powell in excess of the 7-hour time limit ordinarily permitted. Plaintiffs assert that extra time is needed due to that Defendant's dual role as a fact witness, and as a limited expert concerning the value of the Midwest Trailer Park and/or other real estate investments. The Court will permit Plaintiffs to depose Defendant J. Wilburn for not more than 8 hours, to be concluded in a single day. Defense counsel shall provide Plaintiffs with a summary of Defendant's limited expert testimony and qualifications. To the extent that Plaintiffs believe that additional time is needed, and only after exhausting good faith efforts to stipulate the scope of Defendant's expert testimony, Plaintiffs may approach the Court for additional time. However, Plaintiffs' counsel is forewarned that it is the expectation of this Court that 8 hours will be adequate, and that a general request for additional time, without detailed reasons showing necessity, will be denied.

**C. Betty Powell**

Betty Powell, the wife of J. Wilburn and the mother of the incarcerated James Powell, is not a party to this case and is not formally represented by counsel. Plaintiffs

seek to depose her.  Counsel for Defendant J. Wilburn Powell indicated that he would object to her deposition on grounds that she has no cognizable interest in this litigation, and her testimony would not be relevant.  In response, Plaintiffs represent that Mrs. Betty Powell was integrally involved in the transfer of funds to Defendant James Powell.  Based upon this representation of counsel, the Court agrees that any objection to the deposition of this witness based on relevance would be overruled.

### D.  Motion for Leave to Take Deposition of James Powell

Plaintiffs have moved to depose James D. Powell at the Federal Correctional Institution in Lisbon, Ohio.  (Doc. 119).  James Powell, as stated, is presently a named Defendant, although the undersigned has recommended his dismissal based upon Plaintiffs' failure to prosecute claims against him personally.  In any event, there is no dispute that James Powell possesses relevant information and no one opposes Plaintiffs' motion.  The Court will leave to Plaintiffs' discretion the manner and method of the deposition, whether by telephone or videoconferencing if available.

### III.  Conclusion and Order

The Memorandum Order filed on May 8, 2013 (Doc. 129) is hereby **VACATED** and **REPLACED** by this Amended Memorandum Order.  For the reasons stated herein, **IT IS ORDERED THAT:**

1.  Cora May Pyles may not be deposed by any party, based upon the representation of her counsel that she is no longer competent to testify, and based upon the parties' further stipulation as follows:

   a.  Ms. Pyle will not testify at trial, or submit evidence or file an affidavit;

4

     b.  Ms. Pyle has affirmed, through Plaintiffs' counsel and on information and belief during a time that she was still competent, that she never met or received any representations from Defendants Deanna Powell, Curtis Powell, or J. Wilburn Powell;

     2.  Plaintiffs may depose J. Wilburn Powell for a period not to exceed 8 hours in a single day, as further specified herein;

     3.  Plaintiffs may seek to depose witness Betty Powell, subject to an appropriate subpoena;

     4. Plaintiffs' motion for leave to take the deposition of Defendant James D. Powell (Doc. 119) is **GRANTED.**

                                                   *s/ Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge