UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DIANA BRADLEY, *et al.*, | : | Case No. 1:10-cv-760 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| KEVIN MILLER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFFS' MOTION
## FOR PARTIAL SUMMARY JUDGMENT (Doc. 111)

This civil action is before the Court on Plaintiffs' motion for partial summary

judgment (Doc. 111) and the parties' responsive memoranda (Docs. 160, 172).

## I.   PROCEDURAL POSTURE[1]

Plaintiffs Diana Bradley, James Bradley, and Cora May Pyles move for partial

summary judgment on the statute of limitations defense to counts eleven and twelve,

fraudulent transfer and civil conspiracy.

Plaintiffs' motion for partial summary judgment (Doc. 111) was filed on April 22,

2013, in response to the Magistrate Judge's Report and Recommendations ("R&R")

(Doc. 103) dated March 28, 2013.  The Magistrate Judge recommended that Defendant

James Powell's motion to dismiss (Doc. 93) be granted in part as to counts eleven and

twelve.  However, on May 30, 2013, this Court declined to adopt the R&R's

---

[1]  A detailed statement of the factual background is available at Doc. 103, Section I.

recommended dismissal of the claims for fraudulent transfer and conspiracy, finding instead that disputed issues of fact still remained. (Doc. 147).

In support of the motion before the Court, Plaintiffs submitted the affidavit of Plaintiff Diana Bradley (Doc. 111, Appx. U), detailing the specific efforts Plaintiffs undertook from January 2010, when they learned of the criminal proceedings against Kevin Miller and James Powell, to May 17, 2012, when they filed an amended complaint naming additional defendants, including Defendant James Powell.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

### III.    ANALYSIS

Although Plaintiffs submitted additional evidence in the form of an affidavit as to the efforts Plaintiffs undertook to discover the allegedly fraudulent nature of the transfer, the additional evidence is not dispositive.  Rather, the evidence simply supports the Court's previous finding that Plaintiffs have presented sufficient evidence for a jury to conclude that Plaintiffs were diligent in their prosecution and investigation.  (Doc. 147 at 7).[2]  Specifically, while Plaintiffs have submitted sufficient facts to show that the savings clause *may* apply, ultimately the jury must decide this question of fact.

### IV.    CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs' motion for partial summary judgment on the statute of limitations defense to counts eleven and twelve (Doc. 111) is **DENIED**.

**IT IS SO ORDERED**.

Date:  8/16/13                                      */s/ Timothy S. Black*
                                                   Timothy S. Black
                                                   United States District Judge

---

[2]  While the Court's May 30, 2013 Order states that "the Court finds that Plaintiffs were diligent in their prosecution and investigation," the Court was construing the facts in the light most favorable to the Plaintiffs.  (Doc. 147 at 7).  In the instant motion, the facts must be construed in the light most favorable to the Defendant.