UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DIANA BRADLEY, *et al.*, | : | Case No. 1:10-cv-760 |
| | : | |
| Plaintiffs | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| KEVIN MILLER, *et al*., | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFFS' MOTION
FOR DAMAGES, ATTORNEYS FEES, AND COSTS (Doc. 264)**

This civil action is before the Court on Plaintiffs' Motion for Damages, Attorney's Fees, and Costs. (Doc. 264). No responsive memoranda were filed.

## I.     BACKGROUND

Plaintiff Diana Bradley, personally and on behalf of her deceased husband James Bradley, moves for a determination of damages and an award of attorney's fees and costs against Defendants James D. Powell and Kevin Miller.

Plaintiffs Diana Bradley, James Bradley, and Cora May Pyles filed this action on October 29, 2010. (Doc. 1). On May 17, 2012, Plaintiffs filed an amended complaint asserting a total of twelve claims against ten Defendants. (Doc. 46). Three individual Defendants were dismissed during the course of this litigation.

Defendants Capital Investments ("CI"), Great Miami Debentures ("GMD"), and Great Miami Real Estate, LLC ("GMRE") failed to move, answer, or otherwise plead in response to the original and amended complaints. On August 22, 2013, the Court entered

default judgment as to liability and damages against Defendants CI, GMD, and GMRE. (Doc. 188).  The Court found that these business entity Defendants were jointly and severally liable for $403,063.40 in damages, plus an amount to be determined for attorney fees and costs.  (*Id.* at 5).  The Clerk entered judgment as to CI, GMD, and GMRE on August 22, 2013.  (Doc. 189).  On March 31, 2015, the Court granted Plaintiffs' motion for an award of $102,832.50 in attorney fees and $1,600.05 in costs, for which Defendants CI, GMD, and GMRE are jointly and severally liable.  (Doc. 261).

On September 13, 2013, Defendants Curtis Powell and James Wilburn Powell moved for summary judgment on all claims asserted against them.  (Docs. 198, 205).  On September 16, 2013, the Bradleys moved for partial summary judgment against Defendants James D. Powell, Kevin Miller, Curtis Powell, and James Wilburn Powell. (Doc. 208).[1]  Defendants James D. Powell and Kevin Miller did not respond to the summary judgment motion, nor did they respond to motions for adverse inferences premised on their refusal to answer questions at their depositions based on their Fifth Amendment rights against self-incrimination.  (Docs. 187, 192).

On March 31, 2015, the Court granted the motions for summary judgment filed by Defendants James Wilburn Powell and Curtis Powell, and denied Plaintiffs' cross motion for summary judgment against them.  (Doc. 260).  As no claims remained pending against Defendants James Wilburn Powell and Curtis Powell, the Court dismissed them from the action.  (*Id.* at 63).  Additionally, the Court granted in part and denied in part

---

[1] Plaintiff Cora May Pyles did not move for summary judgment on her one claim asserted against Defendant Kevin Miller.

2

Plaintiffs' partial motion for summary judgment as to liability against Defendants James D. Powell and Kevin Miller. (*Id.*) Specifically, the Court entered judgment as a matter of law against Defendant James D. Powell on Plaintiffs' claims for violations of the Ohio Corrupt Practices Act ("OCPA") and OCPA conspiracy, Ohio Rev. Code § 2923.32(A), and the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). (*Id.*) The Court also entered judgment as a matter of law against Defendant Kevin Miller on Plaintiffs' OCPA conspiracy claim, but denied the motion for summary judgment as to Plaintiffs' OCPA and RICO claims. (*Id.*)

On April 13, 2015, Plaintiffs advised the Court that Plaintiff Cora May Pyles had passed away and that Plaintiff Diana Bradley did not intend to pursue the pending claim against Defendant Kevin Miller on her behalf. (Doc. 262). Additionally, the Bradleys filed a Rule 41(a)(2) motion to dismiss their pending claims against Defendants James D. Powell and Kevin Miller without prejudice. (Doc. 263). On April 15, 2015, the Court dismissed the claim asserted by Plaintiff Cora May Pyles and granted the Bradleys' motion to dismiss their pending claims against Defendants James D. Powell and Kevin Miller without prejudice.

On April 20, 2015, Plaintiffs timely filed their motion for damages, attorney's fees, and costs. (Doc. 264). Defendants James D. Powell and Kevin Miller did not respond in opposition.

## II. DAMAGES

Plaintiffs allege that they suffered $134,354.46 in actual damages from Defendant James D. Powell's violation of the OCPA and the conspiracy to violate the OCPA

3

between Defendants James D. Powell and Kevin Miller. (Doc. 264 at 2). Plaintiffs seek an award of treble damages under the OCPA. Ohio Rev. Code § 2923.34(E).

Plaintiffs rely upon the affidavit of Diana Bradley that was submitted in support of their motion for default judgment against Defendants CI, GMD, and GMRE. (Doc. 173-1 at ¶ 251). Plaintiff Diana Bradley declares that Defendant Kevin Miller defrauded her into investing $45,990.77 with CI. (*Id.* at ¶ 28). Additionally, Plaintiff James Bradley was defrauded into investing $88,362.23 with CI. (*Id.* at ¶ 23).

On August 22, 2013, the Court found that Defendants CI, GMD, and GMRE caused $134,354.46 in damages to Plaintiffs Diana and James Bradley, and held that these business entity Defendants were jointly and severally liable for $403,063.40 in treble damages. (Doc. 188). The Clerk entered judgment accordingly. (Doc. 189).

Plaintiffs now seek to hold Defendants James D. Powell and Kevin Miller jointly and severally liable with the business entity Defendants for the $403.063.40 judgment. *See TJX Cos. v. Hall*, 916 N.E.2d 862, 868 (Ohio App. 2009) (recognizing that joint and several liability is appropriate under the OCPA). The OCPA provides that "[t]o recover triple damages, the plaintiff shall prove the violation or conspiracy to violate that section and actual damages by clear and convincing evidence." Ohio Rev. Code § 2923.34(E). Just as with their motion for default judgment against the business entity Defendants, Plaintiffs assert that they are entitled to treble damages without acknowledging the clear and convincing evidence standard. (Docs. 173, 264). Nonetheless, the Court concludes that Plaintiffs have satisfied this standard based on the affidavit of Plaintiff Diana Bradley

4

and the failure of Defendants James D. Powell and Kevin Miller to offer any argument or evidence in opposition.[2]

Accordingly, Plaintiffs are awarded judgment against Defendants James D. Powell, Kevin Miller, Capital Investments, Great Miami Debentures, and Great Miami Real Estate, LLC jointly and severally in the amount of $403,063.40.

### III. ATTORNEYS FEES AND COSTS

The OCPA provides that a prevailing plaintiff "shall recover reasonable attorney fees." Ohio Rev. Code § 2923.34(F). In determining a reasonable fee award, the court must "first calculate the number of hours reasonably expended on the case times an hourly fee." *Bittner v. Tri-County Toyota, Inc.*, 569 N.E.2d 464, 467 (Ohio 1991). This is commonly known as the "lodestar" calculation. The court may then modify the fee award based on a consideration of the eight factors listed in Ohio Rule of Professional Conduct 1.5(a). *Snapp v. Castlebrook Builders, Inc.*, 7 N.E.3d 574, 601 (Ohio App. 2014).

The Supreme Court has instructed that counsel should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). The Supreme Court reasoned that excluding such fees from a fee petition billed to an adversary under statutory authority is akin to exercising "billing judgment" when billing hours to one's

---

[2] The Court concludes that an evidentiary hearing on the issue of damages is not necessary because the Court can ascertain the amount of Plaintiffs' damages from the undisputed evidentiary submissions and because Defendants James D. Powell and Kevin Miller have shown that they do not intend to defend in this action.

client. *Id.* Further, achieving only partial or limited success is relevant to the determination of the reasonableness of the requested fee award. *Id.* at 436-37.

Counsel's billing records reflect that he expended 1,466.70 hours in this action between February 4, 2010 and October 3, 2013. (Doc. 237, Ex. B). This would result in a lodestar calculation of $364,295.00. (*Id.*) However, counsel only seeks to recover fees for the 416.60 hours expended between February 4, 2010 and June 20, 2012, plus 4.25 hours expended on June 13, 2013 in preparing the application for entry of default against the business entity Defendants. (Doc. 237, Exs. C, D). Counsel billed at an hourly rate of $200 between February 4, 2010 and October 18, 2010, and $250 per hour thereafter (*Id.*) This results in a total fee request of $102,832.50.

On March 30, 2015, the Court found that the requested fee of $102,832.50, representing 420.85 hours expended at an hourly rate of $200 and $250, was reasonable and appropriate. (Doc. 261 at 4-5). The Court also reviewed and assessed as recoverable $1,600.05 in costs incurred before June 20, 2012. (*Id.* at 5). Defendants CI, GMD, and GMRE were jointly and severally liable for these awards, totaling $104,432.55. (*Id.*)

Plaintiffs now seek to hold Defendants James D. Powell and Kevin Miller jointly and severally liable with Defendants CI, GMD, and GMRE for the $104,432.55 award of attorney's fees and costs. (Doc. 264). For the reasons set forth in the March 30, 2015 Order, the Court concludes that an award of $102,832.50 in attorney's fees is reasonable and appropriate. (Doc. 261 at 3-5). Additionally, an award of costs of $1,600.05 is appropriate.

Accordingly, Plaintiffs are entitled to recover $102,832.50 in attorney fees and $1,600.05 in costs from Defendants James D. Powell, Kevin Miller, Capital Investments, Great Miami Debentures, and Great Miami Real Estate, LLC, jointly and severally, grand totaling $104,432.55.

## IV.    CONCLUSION

Wherefore, for these reasons:

1. Plaintiff's Motion for Damages, Attorney's Fees, and Costs (Doc. 264) is **GRANTED**;

2. Plaintiffs are awarded judgment against Defendants James D. Powell, Kevin Miller, Capital Investments, Great Miami Debentures, and Great Miami Real Estate, LLC, **jointly and severally**, in the amount of **$403,063.40**;

3. Plaintiffs are **further awarded** $102,832.50 in attorneys fees and $1,600.05 in costs from Defendants James D. Powell, Kevin Miller, Capital Investments, Great Miami Debentures, and Great Miami Real Estate, LLC, **jointly and severally**, totaling of **$104,432.55**; and

4. The Clerk shall enter judgment accordingly, whereupon this case is **CLOSED** in this Court.

**IT IS SO ORDERED.**

Date:      5/7/15                              *s/ Timothy S. Black*
                                                Timothy S. Black
                                                United States District Judge